IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

VS.     CASE NO. 5:21-CR-50004-001 TLB

SERGIO RODRIGUEZ     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court for consideration is Defendant's Motion for First Step Act Earned Time Credits (ECF No. 35). Defendant, who is serving a 60 month sentence at FCI Otisville with a release date of May 10, 2025, says he has accumulated "241 days off [his] time and [his] recidivism is low" but has been advised that the Bureau of Prisons (BOP) cannot apply his First Step Act credits towards his sentence. Defendant seeks this Court's assistance with application of these credits. The Motion was referred to the undersigned who will consider Defendant's request as one for relief under 28 U.S.C. § 2241 but recommends denial of the Motion for lack of jurisdiction.

Pursuant to the First Step Act, the BOP was to provide opportunities for prisoners to participate in evidence-based recidivism reduction ("EBRR")[1] programs and productive activities ("PA")[2], and "provide incentives and rewards for prisoners" who complete those programs and activities, including "increased phone privileges, additional visitation time, transfer to prisons closer

---

[1] "An EBRR Program is a group or individual activity that has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism; and is designed to help prisoners succeed in their communities upon release from prison." 28 C.F.R. § 523.41(a).

[2] "A PA is a group or individual activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating." 28 C.F.R. § 523.41(b).

1

to prisoners' residence upon release, and, for prisoners who complete EB[R]R programs, 'time credits.'" *Wilson v. Rardin,* 2024 WL 2222488, *5 (D. Minn. April 15, 2024), citing *Manning v. Kallis*, 2021 WL 4526653, at *1 (D. Minn. Sept. 9, 2021) (citing 18 U.S.C. §§ 3632(d)(1), (d)(2), (d)(4))[3].

An inmate's risk of recidivism, for the purposes of receiving credit under § 3632(d)(4), is measured by the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN").[4] (See Program Statement 5400.01, First Step Act Needs Assessment June 25, 2021 (Dkt. 8-6 at 2)). Under the FSA, eligible prisoners who "successfully complete[] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation" in such programs or activities; and a prisoner that is determined by the BOP to be "at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days

---

[3] 18 U.S.C. § 3632 (d)(4)(A) states:
(A) In general – A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
(I) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

[4] PATTERN is a component of the BOP's implementation of the FSA, intended to reduce the risk of federal inmates recidivating after release. *See generally*, 18 U.S.C. §§ 3631-3635; P.S. 5410.01; U.S. Dep't of Justice, The First Step Act of 2018: Risk and Needs Assessment System, at iv, available at
https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf.

of successful participation ...." 18 U.S.C. § 3632(d)(4)(A)(i)(ii) (emphasis added); *see also* 28 C.F.R. § 523.42(c).[5] "'Successful participation' requires a determination by BOP staff that an eligible inmate has participated in the EBRR programs or PAs that the BOP has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA." 28 C.F.R. § 523.41(c)(2).

The Court cannot reach the merits of Defendant's Motion for a couple of reasons. First, it unclear whether Defendant has exhausted all of his administrative remedies with respect to his BOP recidivism PATTERN score (including any request for reassessment) prior to seeking relief from this Court. *See Streker v. Segal,* 2023 WL 5337084, at *1 (D. Minn. June 30, 2023) ("Because [Defendant] has not exhausted [his] administrative remedies [of his FSA time credits claim], the Court recommends [his] petition be dismissed without prejudice."), recommendation adopted, 2023 WL 5333811 (D. Minn. Aug. 18, 2023).

Second, even had Defendant exhausted his administrative remedies, district courts cannot exercise jurisdiction over the BOP's classification of Defendant's recidivism risk. *See Pollock v. Marske*, 2022 WL 1218640 (8th Cir. April 26, 2022) (district courts do not possess jurisdiction over BOP's custody classification). And while Defendant says his recidivism risk is "low," Defendant's

---

5 28 C.F.R. § 523.42(c) states:
(1) For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits.
(2) For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn an additional five days of FSA Time Credits if the inmate:
(i) Is determined by the Bureau to be at a minimum or low risk for recidivating; and
(ii) Has maintained a consistent minimum or low risk of recidivism over the most recent two consecutive risk and needs assessments conducted by the Bureau.

BOP Progress Report indicates he has a medium PATTERN score which appears to be based, in part, on violations occurring at the BOP and expulsion from RDAP. With a medium PATTERN score, Defendant is statutorily ineligible for application of First Step Act earned time credits, *see Casellas v. FCI-Mendota,* 2023 WL 4535030, at *2 (E.D. Cal. July 13, 2023), and Defendant possesses no constitutionally protected liberty interest in his PATTERN score calculation. *Prince v. Fikes,* 2021 WL 2942311, at *3 (D. Minn. June 16, 2021) (rejecting argument that petitioner is entitled to time credits claimed because federal prisoners have no right to a particular security or custody classification), recommendation adopted, 2021 WL 2936656 (D. Minn. July 13, 2021).

For these reasons, it is recommended that Defendant's Motion (ECF No. 35) be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 30th day of May 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE